| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )    23-MJ-05115-JGD |
| FRANCISCO SEVERO TORRES, | ) |
| | ) |
| Defendant | ) |

## GOVERNMENT'S MOTION FOR COMPETENCY EVALUATION

The United States of America moves, pursuant to 18 U.S.C. §§4241(a), 4241(b), and

4247(b) and (c), to commit the defendant to the custody of the Attorney General for placement in

a suitable Federal Bureau of Prisons facility to conduct a mental examination to determine

whether the defendant is competent to stand trial.  There is evidence, which is submitted as

Exhibits 1-15 hereto and in support of the government's motion for detention, suggesting that the

defendant has mental health issues.  As an officer of the court, counsel believes she has an

obligation to call these matters to this Court's attention, so it may ensure the defendant is

competent to understand the nature and consequences of the proceedings against him and/or to

assist counsel in his defense.  The government is raising this issue now so that the issue of

competency may be addressed at this time, to avoid any unnecessary delays in the proceedings.

## FACTUAL BACKGROUND

The essential facts related to the incident charged in this case are provided in the

Affidavit in Support of Criminal Complaint, submitted as Exhibit 1 hereto; additional evidence

of the defendant's actions is captured in a passenger video submitted as Exhibit 2 hereto, and in

the defendant's post-*Miranda* recorded interview submitted as Exhibit 3 hereto.  In short, on

March 5, 2023, while on board United Airlines Flight 2609 en route from Los Angeles,

California, to Boston, Massachusetts, the defendant attempted to open one of the aircraft's

emergency exit doors while in flight, despite knowing that if he were successful, many people would die.  He then told passengers, "I am waiting for them to point the gun at me so I can show everybody that I won't die when I take every bullet in that clip to wherever in my body they shoot it and then I will kill every man on this plane"; "they're going to have to shoot me down today"; "where are they diverting us, because wherever it is, there is going to be a bloodbath"; and then stated that he was "taking over this plane."   When a passenger attempted to intervene to stop him, the defendant took a fighting stance, then rushed forward toward the cockpit, blocked by flight attendants at Galley 2.  The defendant then attempted to stab one of the flight attendants in the neck multiple times with a metal spoon that he had broken in half in the plane lavatory, only stopping when he was tackled and restrained by multiple passengers and flight crew for the remainder of the flight.  He was taken into custody immediately when the flight landed in Boston and was charged in this case.  In a post-*Miranda* interview, the defendant admitted to attempting to open the emergency exit door and admitted to stabbing the flight attendant multiple times, although at one point in the interview he suggests that it was a person behind him that he had stabbed.  In the interview, the defendant also expresses the view that he would not die if stabbed in the heart or shot in the chest, or would come back to life.  He also claims to have committed self-harm within the past 40 days.

At his initial appearance on Monday, March 6, the government moved that the defendant be detained based on dangerousness under 18 U.S.C. § 3142(f)(1)(B) as well as risk of flight under 18 U.S.C. § 3142(f)(2)(A), and the defendant was taken into the custody of the U.S. Marshals pending a detention hearing on Thursday, March 9.  The defendant was taken to the Donald W. Wyatt Detention Facility that afternoon.  That evening, without provocation, the

defendant attacked a guard at Wyatt, repeatedly punching him in the face until backup arrived to help restrain the defendant.  *See* Ex. 4.

A review of the defendant's past involvement with police and the court system reveals that mental health issues have been present or claimed in past contacts, events, and cases.  *See generally* Exs. 5-15.  In one incident just eight days prior to the incident charged here, the defendant made concerning statements to strangers about wanting to "die tonight at midnight," wanting to "get shot by 12 people with an AR 15 two times at point blank," and that he was "half angel and half devil."  Ex. 14.

## **LEGAL STANDARD AND ARGUMENT**

At any time after initiation of a criminal prosecution, the defendant or attorney for the government may file a motion for a hearing to determine the defendant's mental competency. 18 U.S.C. § 4241(a).

> The court shall grant the motion, or shall order such a hearing on its own motion,
> if there is reasonable cause to believe that the defendant may presently be
> suffering from a mental disease or defect rendering him mentally incompetent to
> the extent that he is unable to understand the nature and consequences of the
> proceedings against him or to assist properly in his defense.

*Id.*  In such a circumstance, prior to the date of the hearing, the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4247(b).

Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C. § 4241(a) and (b) are to be conducted pursuant to the provisions of Section 4247(b) and (c). Section 4247(b) provides that the court "may commit the person to be examined for a reasonable period ... to the custody of the Attorney General for placement in a suitable facility."  Unless "impracticable," the statute requires the Attorney General to conduct the

examination "in the suitable facility closest to the court." 18 U.S.C. § 4247(b). The determination of which facility is suitable rests with the Attorney General, just as with all other designations within the Bureau of Prisons.

The defendant's actions and statements on board Flight 2609, his statements to law enforcement in his recorded interview, his statements in Court, and his mental health history as laid out in the attached Exhibits provide "reasonable cause" that the defendant "may" have mental health issues sufficient for this Court to order a psychiatric or psychological examination of the defendant under 18 U.S.C. §4241(a) to determine competency.

The government also asks that this Court order that the examination be completed at a Bureau of Prisons Facility, pursuant 18 U.S.C. § 4247(b). There is an important public interest in securing the most efficient, thorough, and reliable method for the Court to determine the defendant's competency. A Federal Medical Center (FMC), staffed by Bureau of Prisons Psychiatrists or Psychologists, who routinely evaluate individuals based on the statutory criteria required, would provide the most efficient, thorough, and reliable means of providing the Court with the necessary information to make a determination as to the defendant's competency to stand trial. Should the defense require a separate examination of the defendant, or further examinations relative to defendant's mental state at the time of the offense, the government will make every effort to ensure that this is accomplished in a coordinated manner to alleviate duplication and unnecessary delays.

The government further requests that the Court order that the Bureau of Prisons Facility examining the defendant be given access to all relevant medical and psychological/psychiatric records of the defendant for purposes of conducting this assessment.

WHEREFORE, based on the foregoing, the United States of America seeks an order, pursuant to 18 U.S.C. §§ 4241 (a) and (b) and 4247(b), committing the defendant, Francisco Severo Torres, to the custody of the Attorney General for placement in a suitable facility for a reasonable period of time in order to be evaluated by a licensed or certified psychiatrist or psychologist, to assist in determining whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. A proposed order is attached.

The government understands that the defense does not object to the request for a competency evaluation, although the defense has not yet had the opportunity to review this motion or the proposed order.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:  */s/ Elianna J. Nuzum*
ELIANNA J. NUZUM
Assistant U.S. Attorney

March 9, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

*/s/ Elianna J. Nuzum*
Elianna J. Nuzum

Dated: March 9, 2023