UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>FRANCISCO SEVERO TORRES,<br><br>Defendant | )<br>)<br>)  1:23-cr-10259-PBS<br>)<br>)<br>) |

**ORDER**

On July 12, 2023, this court entered an Order on Defendant's Competency to Stand Trial, ordering that defendant be hospitalized pursuant to 18 U.S.C. § 4241(d)(1). On November 21, 2023, the director of FMC Devens sent this court a certificate pursuant to 18 U.S.C. § 4241(e) alleging that defendant is now competent to stand trial. The court held a status hearing in this matter on December 13, 2023. At the hearing, counsel for defendant requested that the court suspend the restoration proceedings for a period sufficient to allow defendant time to hire an independent expert. The government did not object to the request, and it was granted.

Defendant has since been evaluated by an independent psychologist, Dr. David Rosmarin. Dr. Rosmarin provided the court with a letter outlining his opinion that defendant lacks the ability to understand that he suffers from a mental illness (*i.e.*, anosognosia), which renders him incompetent to understand the full range of defenses available to him—namely an insanity defense. The certification from FMC Devens also reports that defendant's insight into his illness remains poor. In addition, Dr. Rosmarin also believes that defendant may have been "dissimulating" during his interactions with Devens staff, which he describes as a phenomenon where a patient will withhold information about psychiatric symptoms to avoid being labeled as mentally ill.

Based on the reports issued by FMC Devens and Dr. Rosmarin, defense counsel and the government have jointly requested that defendant be recommitted to FMC Devens, or other

suitable facility, for further competency restoration evaluation and treatment. The parties jointly agree that such is reasonably necessary to determine whether defendant has been restored to competency under section 4241(e).

The court finds that good cause exists to recommit the defendant for further treatment and evaluation under section 4241(d)(2). The Court hereby orders that defendant be recommitted to FMC Devens, or other suitable facility, for further treatment and evaluation regarding his competency to stand trial. The Court orders further that within four months of defendant's arrival at the applicable facility, the director of that facility shall furnish to this court notice of its opinion as to defendant's competency, in the form of either a new certificate under section 4241(e) alleging competency restoration, or notice alleging continued incompetency. The notice shall outline the basis for such an opinion. That notice shall also specifically address: (1) the extent of defendant's anosognosia/lack of insight, as well as the impact, if any, that this condition has on his ability to rationally understand and assist in his defense, including those which involve mental health; and (2) an opinion as to whether defendant is attempting to dissimulate during his evaluation, and the basis for that opinion. Prior to issuing this certification, the facility must afford defense counsel an adequate opportunity to share information and evidence with defendant's evaluators.

The court also orders that defendant shall remain at the designated facility unless or until this court finds that he has been restored to competency. The period between this order and the final determination of defendant's competency shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

February 29, 2024

IT IS SO ORDERED

/s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge